IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PHILIP J. TOMASHEK, II

v.     CIVIL ACTION NO.   2:17-cv-01904

RALEIGH COUNTY EMERGENCY
OPERATING CENTER, et al.,

MEMORANDUM OPINION ORDER

I.     Introduction

Pending before the court is Defendants Raleigh County Emergency Operating Center, John Zilinski, and Jane Doe Dispatcher's Motion to Dismiss [ECF No. 12]. The plaintiff filed a response [ECF No. 24], and the defendants filed a reply [ECF No. 28]. This matter is now ripe for adjudication. For the following reasons, the Motion is **GRANTED.**

II.    Factual and Procedural History

During the early morning of November 22, 2014, the plaintiff's wife called the Raleigh County Emergency Operating Center ("RCEOC").[1] Not. Removal Ex. A Part 1, at 8 ("Am. Compl.") [ECF No. 1-1]. The plaintiff's wife spoke to defendant Jane Doe who was a dispatcher for RCEOC. *Id.* The plaintiff's wife requested that the dispatcher send an ambulance to transport the plaintiff, Philip J. Thomashek, II, to

---

[1] RCEOC "is an instrumentality of Raleigh County, West Virginia and was, at all times relevant hereto, the enhanced emergency telephone system for Raleigh County, West Virginia." Am. Compl. 2. Defendant John Zilinski was at all relevant times the director of RCEOC and the supervisor of dispatcher Jane Doe. *Id.*

the hospital because he "was exhibiting unusual behavioral and mood changes and she feared he suffered an injury to his head or inadvertent poisoning from the use of volatile automotive paint and cleaners in his garage." *Id.* She told the dispatcher that she could not take him herself "because she believed, at the time, that her own vehicle was stuck in their driveway." *Id.* A short time later, the plaintiff's wife called RCEOC again and canceled the request for medical assistance, advising the dispatcher she was able to utilize her own vehicle and was taking the plaintiff to the hospital herself. *Id.*

Despite the wife's second call, the dispatcher dispatched two detectives, A.S. Meadows and J.D. Johnson. *Id.* When they arrived, "the [p]laintiff was closing the driveway gate and his wife and their young daughters were in the vehicle, already on route to take the [p]laintiff to the hospital for emergency medical treatment." *Id.* According to the plaintiff, one of the officers asked him to get into his vehicle, and when he refused, the officer grabbed him "twisted his arm behind his back and painfully bent his fingers back." *Id.* The other officer then tased and pepper sprayed him. *Id.*

The plaintiff was arrested on two counts of assault on an officer and obstructing. *Id.* During this period, an ambulance never arrived. After a series of events that are not relevant to the particular issues in this motion, the plaintiff was taken to the emergency room. *Id.* at 8. The plaintiff was "diagnosed with encephalopathy, acute liver injury, and acute rhabdomyolysis." *Id.*

2

On March 16, 2017, the plaintiff filed this action against RCEOC, John Zilinski, Jane Doe Dispatcher, Raleigh County Sherriff's Office, Robert Steven Tanner, A.S. Meadows, J.D. Johnson, the County Commission of Raleigh County, the West Virginia Regional Jail & Correctional Facility Authority, David A. Farmer, Southern Regional Jail, Michael Francis, and John Doe Correctional Officers. *Id.* at 1. On April 12, 2017, RCEOC, John Zilinski, and Jane Doe Dispatcher filed this motion to dismiss.[2] Defs. Raleigh County Emergency Operating Center, John Zilinski, & Jane Doe Dispatcher's Mot. Dismiss 1 ("Defs.' Mot.") [ECF No. 12]. While the plaintiff's complaint has twenty counts, these defendants are only named in Counts One and Two. Am. Compl. 9–11. Count One alleges that defendant Jane Doe was negligent, and Count Two alleges that defendants Zilinski and RCEOC[3] were negligent. *Id.* at 9–10.

## III. Legal Standard

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-

---

[2] The defendants request dismissal pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. Defs.' Mot. 2. The defendants, however, cite federal case law in their "Standard of Review Section" and in support of their motion. The proper standard is Federal Rules of Civil Procedure Rule 12(b)(6), which is what the court will analyze the defendants' motion under.

[3] Count Two alleges the same for defendant County Commission of Raleigh County, West Virginia. That defendant, however, is not a party to this motion.

3

unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts allowing the court to draw the reasonable inference that the defendant is liable, moving the claim beyond the realm of mere possibility. *Id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.

## IV. Discussion

Under W. Va. Code § 24-6-8,

> [a] public agency or a telephone company participating in an emergency telephone system or a county which has established an enhanced emergency telephone system, and any officer, agent or employee of the public agency, telephone company or county is not liable for damages in a civil action for injuries, death or loss to persons or property arising from any act or omission, except willful or wanton misconduct, in connection with . . . participating in the operation of an emergency telephone system or an enhanced emergency telephone system pursuant to this article.

RCEOC "is an instrumentality of Raleigh County, West Virginia and was, at all times relevant hereto, the enhanced emergency telephone system for Raleigh County, West Virginia." Am. Compl. 2. Defendants Jane Doe and Zilinski were both employees of

RCEOC. Thus, they are all entitled to immunity under W. Va. Code § 24-6-8 unless their conduct was "willful or wanton."

The plaintiff is suing these defendants for negligence. *Id.* at 8–11. The plaintiff alleges that defendant Jane Doe breached her duty of care by "negligently failing to dispatch the appropriate emergency service provider." *Id.* at 9. The plaintiff alleges that defendants Zilinski and RCEOC were negligent by:

> failing to adequately investigate persons prior to hiring, failing to provide appropriate training and enforce compliance therewith, failing to provide sufficient oversight and supervision, and failing to develop, maintain and enforce policies and procedures sufficient to safeguard the [p]laintiff and the public from injury due to the negligence of RCEOC employees and comply with the requirements of the federal and state constitutions, West Virginia Code § 24-6-1, et seq. and all administrative rules and regulations adopted to effectuate said statutes.

*Id.* at 10. The plaintiff goes on to state that he is entitled to punitive damages for these negligence claims, because the "acts and conduct of [these defendants were] willful, wrongful, deliberate, [and] malicious." *Id.* at 9, 11.

While the rules for pleading are liberal, plaintiffs must state sufficient facts to support a claim "that are beyond mere labels and conclusions." *Twombly*, 550 U.S. at 555. "Simply identifying conduct as willful, wanton, intentional, or reckless, with little factual enhancement or support is insufficient." *Earle v. Huntington*, No. 3:14-29536, 2015 WL 5611650, at *5 (S.D. W. Va. Sept. 23, 2015) (quotation marks omitted). Here, the plaintiff has not plead any facts that allow the court to draw the

5

reasonable inference that these defendants were "willful, wrongful, deliberate, [and] malicious." Instead, he has only offered mere labels and conclusions.

Thus, the court **FINDS** that these defendants are entitled to immunity pursuant to W. Va. Code § 24-6-8. Therefore, dismissal is proper as to Raleigh County Emergency Operating Center, John Zilinski, and Jane Doe Dispatcher[4] for Counts One and Two.

## V. Conclusion

For the reasons stated herein, Defendants Raleigh County Emergency Operating Center, John Zilinski, and Jane Doe Dispatcher's Motion Dismiss is **GRANTED**. Counts One is **dismissed with prejudice.** Count Two is **dismissed with prejudice** as to Raleigh County Emergency Operating Center and John Zilinski

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

---

[4] Defendants Jane Doe and Zilinski are also entitled to immunity under W. Va. Code § 29-12A-5(b). W. Va. Code § 29-12A-5(b) provides "An employee of a political subdivision is immune from liability unless one of the following applies; (1) His or her acts or omissions were manifestly outside the scope of employment or official responsibilities; (2) His or her acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or (3) Liability is expressly imposed upon the employee by a provision of this code." RCEOC, which provides emergency telephone services to Raleigh County, West Virginia, is a political subdivision. Defendants Jane Doe and Zilinski are both employed by RCEOC, therefore they are each entitled to immunity unless one of the three exceptions applies. The plaintiff concedes that these defendants were "at all times relevant hereto acting within the scope of [their] employment." Am. Compl. 2. Thus, the first exception for acts "manifestly outside the scope of employment" does not apply. W. Va. Code § 29-12A-5(b)(1). The plaintiff has not provided any provision of the code that expressly imposes liability upon defendant Jane Doe. Additionally, the plaintiff did not plead any facts which lead to a reasonable inference of malicious or wanton behavior by Jane Doe or Zilinski. Thus, none of the exceptions apply, and defendants Jane Doe and Zilinski are entitled to immunity for Counts One and Two pursuant to W. Va. Code § 29-12A-5(b).

ENTER: November 14, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE