IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PHILIP J. TOMASHEK, II

v.  CIVIL ACTION NO. 2:17-cv-01904

RALEIGH COUNTY EMERGENCY
OPERATING CENTER, et al.,

MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff's Motion to Amend Complaint, Join Defendants, and Modify the Scheduling Order [ECF No. 45]. The defendants filed a response [ECF No. 47], and the plaintiff filed a reply [ECF No. 48]. For the following reasons, the plaintiff's Motion is **DENIED**.

On March 16, 2017, this case was removed to federal court. Notice of Removal [ECF No. 1]. On November 17, 2017, the plaintiff filed this motion to amend the complaint, join additional defendants, and amend the scheduling order. Pl.'s Mot. Am. Compl., Join Defs., & Modify Sched. Order [ECF No. 45]. The plaintiff's proposed second amended complaint in this action would add additional counts against existing defendants as well as new counts against new defendants. *Id.* at 1–3. The Scheduling Order in this case specifies that (1) the amendment of pleadings and joinder of parties shall be completed by June 14, 2017, and (2) the amendment of pleadings and the joinder of any parties shall be governed by Rules 15 and 16 of the Federal Rules of Civil Procedure. Scheduling Order [ECF No. 18].

In order to amend a complaint or join additional parties after an established deadline, the moving party must first satisfy the requirements of Federal Rule of Civil Procedure 16(b)(4). If the moving party satisfies Rule 16, then the court will analyze whether the amendment or joinder is proper under Rules 15, 19, and 20. *Nat'l Union Fire Ins. Co. of Pittsburgh v. Bowling Green Recycling, LLC*, No. 1:15-cv-24-GNS, 2017 WL 1380469, at *2 (W.D. Ky. Apr. 13, 2017); *Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995).

On November 17, 2017, the plaintiff filed this motion—22 weeks after the deadline for the amendment of pleadings and joinder of parties set by the court's scheduling order. Scheduling Order 1. Thus, the plaintiff must first satisfy the "good cause" standard required under Rule 16(b)(4). The Ninth Circuit has explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial *schedule if it cannot reasonably be met despite the diligence of the party seeking the extension.* . . . Moreover, *carelessness is not compatible with a finding of diligence* and offers no reason for a grant of relief. . . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. . . . *If that party was not diligent, the inquiry should end.*

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (emphasis added) (quotation marks omitted). The Advisory Committee for Rule 16 observed that the Rule "assures that at some point both the parties and the pleadings will be fixed, by setting a time within which joinder of parties shall be completed and the pleadings

amended." *Burton v. United States*, 199 F.R.D. 194, 199 n.5 (S.D. W. Va. 2001) (quoting Advis. Comm. Notes for 1983 Amend.).

The plaintiff has not even attempted to demonstrate that he was diligent, nor explain why it took him several months past the scheduled deadline to file this motion.[1] Nevertheless, the court has enough information to determine that the plaintiff was not diligent in his request. Therefore, regardless of where the parties are in discovery, the court's inquiry under Rule 16 must end. Because the court did not find good cause to satisfy Rule 16, it is unnecessary to conduct any further analysis under Rules 15, 19, or 20.

For the reasons stated herein, the plaintiff's Motion is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 19, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

[1] The court is aware that there is a second, related action pending in state court that includes all of the counts and defendants the plaintiff wishes to join here. The court sees this second action as procedural gamesmanship. This action was filed on March 22, 2017. Yet, the plaintiff had until June 14, 2017 to simply amend this action with those new counts and defendants—an act he could have accomplished without filing that second action. Thus, that second action does not remotely convince this court that the plaintiff should be allowed to amend this action months after the scheduled deadline for amendment. This court does not have jurisdiction over that matter, and how it proceeds is of no consequence here.