IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PHILIP J. TOMASHEK, II

v.                                            CIVIL ACTION NO.   2:17-cv-01904

RALEIGH COUNTY EMERGENCY
OPERATING CENTER, et al.,

MEMORANDUM OPINION AND ORDER

## I.      Introduction

Pending before the court is Motion of West Virginia Regional Jail and Correctional Facility Authority, David A. Farmer, Southern Regional Jail, Michael Francis, and John Doe Correctional Officers to Dismiss [ECF No. 15]. The plaintiff filed a response [ECF No. 24], and the defendants filed a reply [ECF No. 31]. This matter is now ripe for adjudication. For the following reasons, the Motion is **GRANTED in part** and **DENIED in part**.

## II.     Factual Background

During the early morning of November 22, 2014, the plaintiff's wife called 911 and requested that the dispatcher send an ambulance to transport the plaintiff, Philip J. Thomashek, II, to the hospital because he "was exhibiting unusual behavioral and mood changes and she feared he suffered an injury to his head or inadvertent poisoning from the use of volatile automotive paint and cleaners in his garage." Not. Removal Ex. A Part 1, at ¶ 17 ("Am. Compl.") [ECF No. 1-1]. A short

time later, the plaintiff's wife called 911 again and canceled the request for medical assistance, advising the dispatcher she was taking the plaintiff to the hospital herself. *Id.* ¶ 18.

Despite the wife's second call, the dispatcher dispatched two detectives, A.S. Meadows and J.D. Johnson, to the plaintiff's home. *Id.* ¶¶ 19–20. When they arrived, the plaintiff was closing the driveway gate, and his wife and their daughters were in the vehicle, already en route to take the plaintiff to the hospital. *Id.* ¶ 20. One of the officers asked the plaintiff to get into his vehicle, and when he refused, the officer grabbed him, "twisted his arm behind his back and painfully bent his fingers back." *Id.* ¶¶ 22–24. The other officer then tased and pepper sprayed him. *Id.* ¶ 25.

The plaintiff was arrested on two counts of assault of an officer and obstructing. *Id.* ¶ 28. The plaintiff was later taken to the Southern Regional Jail ("SRJ") where he was accepted into custody by one or more correctional officers. *Id.* ¶ 31. During his detention at SRJ, "he experienced severe chest pains, a racing heart, and excruciating muscle pains." *Id.* ¶¶ 31–32. "On one or more occasion[s] while detained, he was unnecessarily restrained in a manner causing extreme pain, discomfort, emotional distress, and fear." *Id.* ¶ 31.

The plaintiff made multiple requests for medical care to the correctional officers as well as other officials. *Id.* ¶ 32. The plaintiff's wife also "called SRJ on numerous occasions to stress her concern for his health and his need for immediate medical care." *Id.* The evening after he was arrested, the plaintiff was transported to

the hospital. *Id.* ¶ 37. He was admitted there for ten days and diagnosed with encephalopathy, acute liver injury, and acute rhabdomyolysis. *Id.* ¶ 38.

The assault and obstruction charges brought against the plaintiff were eventually dropped. *Id.* ¶ 41. Thereafter, the plaintiff brought this civil action against several parties. The defendants that are relevant to this motion include: the West Virginia Regional Jail and Correctional Facility Authority ("WVRJCFA"), SRJ, David A. Farmer, Michael Francis, and John Doe Correctional Officers, who are all sued in both their individual and official capacities.

## III. Legal Standard

The defendants move for dismissal with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Mot. WVRJCFRA, Farmer, SRJ, Francis, & John Doe Corr. Officers Dismiss 1 ("Defs.' Mot.") [ECF No. 15].

The defendants attached one exhibit to their motion. *Id.* Ex A [ECF No. 15-1]. Under Federal Rule of Civil Procedure Rule 12(d), "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." The mere submission or service of extraneous materials, however, does not by itself convert a motion to dismiss into a motion for summary judgment. *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk S. Corp.*, 109 F.3d 993, 995–96 (4th Cir. 1997) (citations omitted) (internal quotation marks omitted). Instead, a 12(b)(6) motion

supported by extraneous materials is only regarded as one for summary judgment if the district court converts "the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials." *Id.* at 997. Thus, it is within the court's discretion to consider the matters outside of the pleadings, or "wholly ignore[] such attachments and rel[y] exclusively on the complaint." *Covey v. Assessor of Ohio Cnty.*, 777 F.3d 186, 193 n.7 (4th Cir. 2015). Here, the court declines to consider the exhibit attached to the defendants' motion. Therefore, the defendants' motion will be regarded as one to dismiss.

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When "faced with a Rule 12(b)(6) motion to dismiss . . . courts must . . . accept all factual allegations in the complaint as true." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). To achieve facial

plausibility, the plaintiff must plead facts allowing the court to draw the reasonable inference that the defendant is liable, moving the claim beyond the realm of mere possibility. *Id.* Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.

## IV. Discussion

### a. Unnamed Correctional Officers

The defendants argue that the plaintiff's claims against unnamed John Doe correctional officers must be dismissed because "[p]leading a claim against such unnamed parties is in direct contravention to pleading standards." Mem. Law Supp. 9 ("Defs.' Mem.") [ECF No. 16]. The defendants rely mainly on *Price v. Marsh*, No. 2:12-cv-05442, 2013 WL 5409811 (S.D. W. Va. Sept. 25, 2013). In *Price*, the plaintiff asked the court for leave to amend his complaint in order to add the identity of defendants who were previously unidentified. 2013 WL 5409811, at *2. The court denied the plaintiff's motion, finding that the plaintiff was not diligent in seeking leave to amend. *Id.* at *3. The court went on to dismiss the counts against the unnamed defendants, holding that judgment cannot be entered against an unnamed party. *Id.* at *4–6.

As Judge Chambers explained in *Sweat v. West Virginia*, No. 3:16-5252, 2016 WL 7422678, at *3 (S.D. W. Va. Dec. 22, 2016), the holding in *Price* is not applicable in cases that are "still in the beginning stages with time for [p]laintiffs to discover"

who the unnamed defendants are. "This Court allows John Doe defendants if the names can be found in discovery and complaints are timely amended." *Id.*

Here, the plaintiff has explained that he has "had little way of discovering exactly what correctional officers were responsible for" the actions at issue in his complaint. Philip J. Tomashek II's Omnibus Resp. Opp'n to Defs.' Mots. Summ. J. ("Pl.'s Resp.") 8 [ECF No. 24]. The plaintiff is entitled to the opportunity to discover who these defendants are. If after adequate time the plaintiff fails to amend his complaint, then dismissal may be proper. For now, however, dismissal is not warranted based on the plaintiff's failure to name specific correctional officers in his complaint.

### b. Sovereign Immunity

#### i. The WVRJCFA

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The immunity created by the Amendment protects both the State itself and its agencies, divisions, departments, officials, and other 'arms of the State.'" *Holbrook v. West Virginia Reg'l Jail & Corr. Facility Auth.*, No. 3:16-cv-3705, 2016 WL 7645588, at *7 (S.D. W. Va. Dec. 6, 2016). "It is well established that the WVRJ[CF]A is an agency of the State of West Virginia." *Cantley v. West Virginia Reg'l Jail & Corr. Facility Auth.*, 728 F.

Supp. 2d 803, 818 (S.D. W. Va. 2010). "Three narrow exceptions to Eleventh Amendment immunity exist." *Holbrook*, 2016 WL 7645588, at *8. None of these exceptions, however, apply here. Therefore, WVRJCFA has Eleventh Amendment sovereign immunity from all claims asserted both directly and indirectly against it in this matter.

### ii. SRJ

This court has previously held that SRJ

> is not a legal entity. It is simply a "facility operated by the [West Virginia Regional Jail and Correctional Facility Authority] and used jointly by two or more counties for the confinement, custody, supervision or control of adult persons convicted of misdemeanors or awaiting trial or awaiting transportation to a state correctional facility." As such, it is not an entity capable of being sued.

*Edwards v. West Virginia*, No. 2:00-cv-0775, 2002 WL 34364404, at *6 (S.D. W. Va. Mar. 29, 2002) (citing W. Va. Code § 31–20–2(o)). The court has further explained that even if SRJ was an entity capable of being sued, it would receive Eleventh Amendment sovereign immunity. *Id.* Therefore, dismissal is warranted as to all claims asserted both directly and indirectly against SRJ in this matter.

### iii. Official Capacity Claims Against Individual Defendants

The plaintiff's complaint states that he is "su[ing] all public employees in their official and individual capacities." Am Compl. ¶ 15. An individual defendant who is employed by an arm of the state and "sued in his official capacity is also immune from suit in federal court under the Eleventh Amendment." *Edwards*, 2002 WL 34364404,

at *5. The unnamed correctional officers are employed by the state. Am. Compl. ¶ 14. ("John Doe Correctional Officers . . . were at all times relevant hereto officers for the SRJ."). Francis and Farmer are also employed by the state. *Id.* ¶¶ 11, 13 ("David A. Farmer . . . is and was . . . at all times relevant hereto, Executive Director of WVRJCFA. . . . Michael Francis . . . is and was . . . at all times relevant hereto, Administrator of SRJ.").[1] Therefore, dismissal is warranted as to all counts asserted against Francis, Farmer, and the unnamed correctional officers in their official capacities.

### c. Count Six – Negligence

Count Six alleges that Francis and Farmer were negligent. Am. Compl. ¶¶ 84–91. Francis and Farmer argue that they are entitled to qualified immunity for the plaintiff's negligence claims.[2] Defs.' Mem. 6–8.

The West Virginia Supreme Court has held that "an immunity standard for a public official needs to encompass all types of public official liability, not just the

---

[1] Moreover, state employees sued in their official capacity are not considered people subject to suit under 42 U.S.C. § 1983. *Edwards*, 2002 WL 34364404, at *5. Therefore, notwithstanding their Eleventh Amendment immunity, dismissal is also warranted as to the plaintiff's 42 U.S.C. § 1983 claims against the state defendants in their official capacities.

[2] The plaintiff argues that "these are questions for a fact-finder and certainly [are] not amenable to decision on a Rule 12(b)(6) motion." Pl.'s Resp. 7. The plaintiff is wrong. In *Jarvis v. W. Va. State Police*, 711 S.E.2d 542, 551 (W. Va. 2010), the West Virginia Supreme Court had to determine whether the lower court erred by not granting the defendants' motion to dismiss based on the defendants' invocation of qualified immunity regarding the plaintiff's negligence claims. The court found that the lower court erred by not granting the motion to dismiss and remanded the case for entry of an order granting the defendants' motion. *Id.* at 552. Thus, qualified immunity is appropriately considered on a Rule 12(b)(6) motion, and the court must determine whether the defendants are entitled to it at this stage.

range of cases covered by Section 1983 suits." *Clark v. Dunn*, 465 S.E.2d 374, 379 (W. Va. 1995) (quoting *State v. Chase Sec., Inc.*, 424 S.E.2d 591, 599 (W. Va. 1992)). Under the doctrine of qualified immunity for a *state law*[3] *claim*, "the discretionary actions of government agencies, officials and employees performed in an official capacity are shielded from civil liability so long as the actions do not violate a clearly established law or constitutional duty." *West Virginia State Police v. Hughes*, 796 S.E.2d 193, 198 (W. Va. 2017).

Here, the plaintiff alleges that Francis and Farmer were negligent by: (1) failing to adequately investigate officers before hiring them; (2) failing to provide appropriate training and enforce compliance therewith; (3) failing to provide sufficient oversight and supervision; and (4) failing to develop policies to safeguard the plaintiff and the public from injury due to the negligence of correctional officers. Am. Compl. ¶ 86. These acts may involve discretionary governmental functions, in which case the defendants may be entitled to qualified immunity. They may also, however, "have merely been the result of omissions to act, a failure to decide or to even be aware of the problem." *Wood v. Harshbarger*, No. 3:13-21079, 2013 WL 5603243, at *11 (S.D. W. Va. Oct. 11, 2013) (quoting *Hess v. West Virginia Div. of Corr.*, 705 S.E.2d 125, 130 (W. Va. 2010)). The court lacks sufficient facts to determine the nature of the governmental acts that give rise to these claims. Therefore, Francis

---

[3] The parties seem to confuse federal qualified immunity which applies to 42 U.S.C. § 1983 claims, and qualified immunity which applies to state law claims.

and Farmer are not entitled to qualified immunity at this time for the plaintiff's negligence claims.

### d. Count Eight – Outrage

Count Eight alleges outrage against the unnamed correctional officers. Am. Compl. ¶¶ 98–103. West Virginia recognizes a cause of action for outrage, which is the equivalent of intentional infliction of emotional distress. *Kerr v. Marshall Univ. Bd. Governors*, No. 2:14-cv-12333, 2015 WL 1405537, at \*14 (S.D. W. Va. Mar. 26, 2015). In order to recover for outrage in West Virginia,

> [i]t must be shown: (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Travis v. Alcon Labs., Inc.*, 504 S.E.2d 419, 425 (W. Va. 1998).

"Whether conduct may reasonably be considered outrageous is a legal question, and whether conduct is in fact outrageous is a question for jury determination." *Id.* (citations omitted). Thus, the trial court first determines "whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to constitute the intentional or reckless infliction of emotional distress." *Kerr*, 2015 WL 1405537, at \*14 (citations omitted). In order for conduct be considered outrageous, it "must be 'so outrageous in character, and so extreme in degree, as to

go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Id.* (quoting *Harless v. First Nat'l Bank Fairmont,* 289 S.E.2d 692, 705 (W. Va. 1982)). Cases involving the tort of outrage illustrate that "is a difficult fact pattern to prove." *Id.*

Here, the plaintiff alleges that the defendants acted outrageously by "accepting custody of the [p]laintiff despite him being in clear need of medical attention requir[ing] treatment by a physician, injuring the [p]laintiff while in the course of holding him as a pre-trial detainee, denying him necessary medical care and refusing to promptly present the [p]laintiff to the magistrate for arraignment." Am. Compl. ¶ 100. The plaintiff has not alleged any actions by the defendants that are "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Kerr*, 2015 WL 1405537, at *14 (citations omitted). Therefore, dismissal is warranted as to Count Eight.

### e. Count Ten – Negligent Infliction of Emotional Distress

Count Ten alleges negligent infliction of emotional distress against the unnamed correctional officers. Am. Compl. ¶¶ 109–13. "West Virginia currently recognizes two types of negligent infliction of emotional distress: 1) emotional distress based upon the fear of contracting a disease, and 2) emotional distress based upon 'witnessing a person closely related to the plaintiff suffer critical injury or death.'"

*Wood*, 2013 WL 5603243, at *9 (citations omitted). Neither type applies here. Thus, dismissal is warranted as to Count Ten.

###    f.   **Count Fifteen – Excessive Force**

Count Fifteen is a 42 U.S.C. § 1983 claim which alleges that the unnamed correctional officers used excessive force against the plaintiff in violation of the Fourteenth Amendment. Am. Compl. ¶¶ 148–61. The defendants argue that they are entitled to qualified immunity. Defs.' Mem. 13. At this stage, the defendants are entitled to qualified immunity if the complaint fails to state facts that present a plausible violation of the Fourteenth Amendment.

Under the doctrine of federal qualified immunity, "[g]overnmental officials performing discretionary functions are shielded from liability for money damages so long 'as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The Supreme Court has established a two-step sequence for determining whether a government official is entitled to qualified immunity:

> First, a court must decide whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right. . . . Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct.

*Pearson v. Callahan*, 555 U.S. 223, 232 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). The answer to both questions must be in the affirmative in order for a plaintiff to defeat dismissal on qualified immunity grounds.

"Under the first prong, a court must determine whether the facts as alleged, taken in the light most favorable to plaintiff, demonstrate the violation of a constitutional right." *Cline v. Auville*, No. 1:09-0301, 2010 WL 1380140, at *3 (S.D. W. Va. Mar. 30, 2010). It is well established that "the Due Process Clause [of the Fourteenth Amendment] protects a pretrial detainee from the use of excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). In this context, "punishment" includes "actions taken with an 'expressed intent to punish.'" *Id.* (quoting *Bell v. Wolfish*, 441 U.S. 520, 538 (1979)). "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Id.* (quoting *Bell*, 441 U.S. at 561).

When a pretrial detainee brings an excessive force claim, he must show "that the force purposely or knowingly used against him was objectively unreasonable." *Aliff v. West Virginia Reg'l Jail*, No. 2:15-cv-13513, 2016 WL 5419444, at *6 (S.D. W. Va. Sept. 26, 2016) (quoting *Kingsley*, 135 S. Ct. at 2473). The Supreme Court has

provided several factors for courts to consider when determining the reasonableness of a correctional officer's actions including:

> the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 135 S. Ct. at 2473 (citing *Graham*, 490 U.S. at 396).

Here, the plaintiff alleges that the defendants used excessive force in two ways including: (1) accepting custody of him when he needed medical treatment, and (2) "physically and brutally" restraining him. Am. Compl. ¶ 154. The court has no trouble finding that merely accepting custody of the plaintiff cannot amount to "punishment" for purposes of an excessive force claim. The plaintiff's second allegation, i.e. that the correctional officer defendants physically restrained him, also fails to state an excessive force claim. "[T]he amended complaint does not detail the force that was actually applied" to the plaintiff in any meaningful way. *Aliff*, 2016 WL 5419444, at *6. The most that is offered is that "[o]n one or more occasion[s] while detained, he was unnecessarily restrained in a manner causing extreme pain, discomfort, emotional distress and fear." Am. Compl. ¶ 31. The amended complaint does not even say *how* the plaintiff was restrained. Nor has the plaintiff offered any facts regarding when he was restrained, how many times he was restrained, why he was restrained, how he was injured by the restraint, any effort made by the officers to temper or limit the amount of force, or whether he was resisting. In sum, the plaintiff has failed to

offer any detail that would allow the court to gauge the reasonableness of the correctional officer's use of restraints.

Excessive force claims are "a highly contextual area of law that eschews per se rules" and therefore "court[s] must have *some* knowledge of the circumstances surrounding a given use of force—beyond the unadorned accusation that it was excessive . . . in order to draw the inference that such use of force was constitutionally unreasonable." *Aliff*, 2016 WL 5419444, at *7. The plaintiff's complaint fails to both provide this context and state any facts showing a plausible claim that the defendants violated the plaintiff's Fourteenth Amendment rights. Therefore, the plaintiff failed the first prong of the qualified immunity analysis, and the defendants are entitled to qualified immunity as to the plaintiff's claim in Count Fifteen.

### g. Count Seventeen – Procedural Due Process

Count Seventeen is also a 42 U.S.C. § 1983 claim which alleges that the unnamed correctional officers denied the plaintiff procedural due process in violation of the Fourteenth Amendment by failing to bring the plaintiff before a magistrate for an assessment of probable cause after he was arrested without a warrant. Am Compl. ¶¶ 175–186. "The Supreme Court has established that when a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Morris v. United States*, No. 12-2926, 2014 WL 1272104, at *8 (D. N.J. Mar. 27, 2014) (quoting

*Albright v. Oliver*, 510 U.S. 266, 273 (1994) (internal quotation marks omitted). Courts have extended the ruling to apply to procedural due process claims. *Id.*

The Supreme Court has previously held that the Fourth Amendment requires "a post-arrest judicial determination of probable cause in cases of warrantless arrests." *King v. Jones*, 824 F.2d 324, (4th Cir. 1987) (citing *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975)).

The plaintiff's grievance in Count Seventeen is that the correctional officers failed to bring him before a magistrate for an assessment of probable cause after he was arrested without a warrant. This claim is really one for violation of his Fourth Amendment right to a *Gerstein* hearing, not one for procedural due process under the Fourteenth Amendment. Therefore, the court will treat the plaintiff's claim in Count Seventeen as one under the Fourth Amendment. *See Souk v. City Mount Hope*, No. 2:14-cv-26442, 2015 WL 5698509, at *6 (S.D. W. Va. Sept. 28, 2015). The plaintiff was arrested sometime during the morning of November 22, 2014 and was not arraigned until December 8, 2014. The court is aware that there are circumstances that occurred between these periods that may have made the delay reasonable. Based on the facts available at this time, however, dismissal is not warranted.

### h. Count Twenty – Constitutional Violations

In Count Twenty, the plaintiff alleges "constitutional violations" against Francis and Farmer. The court construes this claim to be one for supervisory liability. This count is void of a single factual allegation regarding what Francis and Farmer

did that amounts to a constitutional violation. Instead, the pleading amounts to mere "labels and conclusions." *Twombly*, 550 U.S. at 545. It "tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 575) (internal quotation marks omitted). Therefore, the dismissal of Count Twenty is warranted.

## V.      Conclusion

For the reasons stated herein, Motion of West Virginia Regional Jail and Correctional Facility Authority, David A. Farmer, Southern Regional Jail, Michael Francis, and John Doe Correctional Officers to Dismiss [ECF No. 15] is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** as to Counts Eight, Ten, Fifteen, and Twenty, which are dismissed in their entirety.

In regards to Count Five, the motion is **GRANTED** as to the West Virginia Regional Jail and Correctional Facility Authority and Southern Regional Jail and to the unnamed correctional officers in their official capacities, but **DENIED** as to the unnamed correctional officers in their individual capacities.

 In regards to Count Six, the motion is **GRANTED** as to the West Virginia Regional Jail and Correctional Facility Authority and Southern Regional Jail and Michael Francis and David Farmer in their official capacities, but **DENIED** as to Michael Francis and David Farmer in their individual capacities.

In regards to Count Seventeen, the motion is **GRANTED** as to the unnamed correctional officers in their official capacities, but **DENIED** as to the unnamed correctional officers in their individual capacities.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:    January 22, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE