IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PHILIP J. TOMASHEK, II

          Plaintiff,

v.                                                           CIVIL ACTION NO.   2:17-cv-01904

RALEIGH COUNTY EMERGENCY
OPERATING CENTER, et al.,

          Defendants.

## MEMORANDUM OPINION AND ORDER

I.     Introduction

Pending before the Court are six related motions. The first is the jail defendants'[1] Motion to Set Aside Default [ECF No. 80]. The plaintiff filed a response [ECF No. 89], and the defendants filed a reply [ECF No. 91]. The second is the plaintiff's Motion for Entry of Default Judgment [ECF No. 90]. The third is the jail defendants' Motion for Leave to Accept Responsive Pleading Filed Out of Time [ECF No. 82], to which the plaintiff did not respond. The fourth is the plaintiff's Motion to Amend Scheduling Order, Allow Additional Discovery, and for Extension of Time to Respond to Defendants' Motions for Summary Judgment [ECF No. 74]. The police

---

[1] For the purposes of this order, "the jail defendants" refers to David A. Farmer, Michael Francis, and the John Doe Correctional Officers.

defendants[2] responded [ECF No. 83]. The fifth is the jail defendants' Motion for Summary Judgment [ECF No. 68]. The plaintiff responded [ECF No. 73], and the jail defendants replied [ECF No. 76]. The sixth is police defendants' Motion for Summary Judgment [ECF No. 70]. The plaintiff responded [ECF No. 73], and the police defendants replied [ECF No. 75].

For the reasons stated herein, (1) the jail defendants' Motion to Set Aside Default [ECF No. 80] is **GRANTED**; (2) the plaintiff's Motion for Entry of Default Judgment [ECF No. 90] is **DENIED**; (3) the jail defendants' Motion for Leave to Accept Responsive Pleading Filed Out of Time [ECF No. 82] is **GRANTED**; (4) the plaintiff's Motion to Amend Scheduling Order, Allow Additional Discovery, and for Extension of Time to Respond to Defendants' Motions for Summary Judgment [ECF No. 74] is **GRANTED**; and (5) both of the pending Motions for Summary Judgment [ECF Nos. 68, 70] are **DENIED**.

II.  Factual and Procedural History

On December 22, 2016, the plaintiff, Philip J. Tomashek, II, filed a twenty-count complaint against the defendants in the Circuit Court of Kanawha County, West Virginia. Notice Removal Ex. A [ECF Nos. 1-1, 1-2]. On March 16, 201, the case was removed to federal court. Notice Removal [ECF No. 1].

On April 24, 2017, the jail defendants filed a motion to dismiss. Mot. of W. Va. Reg'l Jail & Corr. Fac. Auth., David A. Farmer, SRJ, Michael Francis & John Doe

---

[2] For purposes of this order, "the police defendants" include Robert Steven Tanner, A.S. Meadows, J.D. Johnson, and the County Commission of Raleigh County.

2

Corr. Off. to Dismiss [ECF No. 15]. On January 22, 2018, the Court granted in part and denied in part the motion. Mem. Op. & Order [ECF No. 63]. Under Federal Rule of Civil Procedure 12(a)(4)(A), the jail defendants' answer to the complaint was due "14 days after notice of the court's action," which was February 5, 2018. Based on the Court's scheduling order, dispositive motions were also due February 5, 2018. Sched. Order [ECF No. 18].

On February 5, 2018, the jail defendants filed a Motion for Summary Judgment [ECF No. 68], but failed to file an answer to the complaint. On February 20, 2018, the plaintiff filed his response to this motion, in which he noted the jail defendants' failure to answer the complaint. Pl.'s Resp. Opp'n to the Mots. Summ. J. 8 [ECF No. 73]. The same day, the plaintiff also filed a motion requesting that the court amend the scheduling order, allow additional discovery, and grant an extension of time to respond to the defendants' motions for summary judgment. Pl.'s Mot. Amend [ECF No. 74]. In their reply, the jail defendants acknowledged their failure to answer the complaint, but did not correct their mistake. Reply to Pl.'s Resp. 4 [ECF No. 76].

On March 5, 2018, the Court directed the Clerk to enter default against the jail defendants pursuant to Rule 55(a), for failure to answer. Order [ECF No. 77]. Later that day, the jail defendants filed: (1) an Answer to Amended Complaint [ECF No. 79]; (2) a Motion for Leave to Set Aside Default [ECF No. 80]; and (3) a Motion for Leave to Accept their belated answer [ECF No. 82]. The following day, the Clerk entered default against the jail defendants. Entry of Default by Clerk [ECF No. 84].

3

Rule 26(a)(1) disclosures were due May 29, 2017, and the defendants' expert disclosures were due December 18, 2017. Order & Notice [ECF No. 3]; Sched. Order. The jail defendants have yet to file either.

III. Analysis

a. The Jail Defendants' Motion to Set Aside Default

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Courts "may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). Rule 55(c) "must be 'liberally construed in order to provide relief from the onerous consequences of defaults[.]'" *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987). The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

In determining whether good cause exists, courts "should consider [(1)] whether the moving party has a meritorious defense, [(2)] whether it acts with reasonable promptness, [(3)] the personal responsibility of the defaulting party, [(4)] the prejudice to the party, [(5)] whether there is a history of dilatory action, and [(6)] the availability of sanctions less drastic." *Payne v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006).

4

Considering the first factor, the jail defendants may have a meritorious defense. "[A]ll that is necessary to establish the existence of a 'meritorious defense' is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). "The underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by the default." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988) (ellipses in original). The jail defendants allege that they have qualified immunity for the three counts remaining against them. Mem. Law Supp. Mot. Set Aside Default 6 [ECF No. 81]. They briefed the issue of qualified immunity in their summary judgment motion, which has not yet been ruled on. Mem. Law Supp. Mot. Summ. J. [ECF No. 69]. This potential defense weighs in their favor.

Turning to the second factor, "[w]hether a party has taken 'reasonably prompt' action, of course, must be gauged in light of the facts and circumstances of each occasion[.]" *Moradi*, 673 F.2d at 727. The jail defendants were extremely prompt once default was entered—they filed their answer and motion to set aside default the same day. This promptness weighs in the jail defendants' favor; however, they were aware of their failure to answer before default was entered.

On February 20, 2018, in his response to the jail defendants' motion for summary judgment, the plaintiff noted that they never answered the complaint. Pl.'s Resp. Opp'n to the Mots. Summ. J. 8 ("[W]hile the Jail Defendants found the time to

5

participate in the briefing of their motion for summary judgment and plaintiff's deposition, they failed entirely to answer the complaint . . . ."). Instead of immediately filing an answer after being reminded of the lack thereof, the jail defendants waited six days and filed a reply brief acknowledging their failure to file an answer. Reply to Pl.'s Resp. 4 ("[I]t is ludacris for Plaintiff to suggest, without filing any affirmative motion, that Defendants' timely motion for summary judgment should be denied because it was filed prior to an Answer.") [ECF No. 76]. It was not until one week after this, when the Clerk entered default, that the answer was finally filed.

While the Court finds this timeline suspect, this factor still weighs in favor of the defendants, because their answer was filed within two weeks of the plaintiff's notice and the same day default was entered. *See Cline v. HSBC Bank USA*, No. 3:17-cv-02975, 2017 WL 5617510, at *2 (S.D. W. Va. Oct. 25, 2017) ("Within thirteen days, HSBC filed a response in opposition and motion for leave to file a response to Plaintiff's complaint . . . . This time frame is consistent with other cases in which the defaulting party was determined to be reasonably prompt in responding to an entry of default.").

The third factor is the personal responsibility of the defaulting party. It is not the jail defendants who are responsible for the late answer, but instead, their attorney. According to their attorney, he drafted the answer after their dismissal motion was denied in part, but "[d]ue to inadvertent oversight" it was not filed at that time. Mot. Set Aside Default Ex. A, at 2 [ECF No. 80-1]. He alleges that this oversight

was due largely to his position as per diem staff counsel for the West Virginia Senate, which was in session during the period between the court's dismissal order and the date the answer was due. *Id.* "When the party is blameless and the attorney is at fault, the former interests control and a default judgment should ordinarily be set aside." *Augusta Fiberglass Coatings, Inc.*, 843 F.2d at 811. Here, it is clear that the jail defendants' tardy answer was due to the admitted "inadvertent oversight" of their counsel. Thus, this factor weighs in favor of the jail defendants.

The next factor is the prejudice to the party. The plaintiff argues that he is prejudiced by the delay because the responsive pleading was not filed until after the close of discovery. Pl.'s Resp. Opp'n to Mot. Set Aside Default 2 [ECF No. 89]. While the court acknowledges the inconvenience of this, the answer was not *due* until after discovery had closed.[3] The court is unaware of any other prejudice that occurred because of this late filing. Thus, this factor weighs in favor of the jail defendants.

The fifth factor is whether there is a history of dilatory action. Rule 26(a)(1) disclosures were due May 29, 2017, and the defendants' expert disclosures were due December 18, 2017. Order & Notice [ECF No. 3]; Sched. Order. The jail defendants have yet to file either. The defendants argue that it is "pointless [for the plaintiff] to complain about [their lack of] pretrial disclosures," because the other defendants submitted theirs on time. Reply to Pl.'s Resp. [ECF No. 91]. This argument is absurd, or, to use the defendants own words, pointless. Each party is required to make their

---

[3] Discovery closed on January 16, 2018, and the answer was due February 5, 2018.

own disclosures under Rule 26, and the defendants' failure to make their disclosures constitutes dilatory action. Fed. R. Civ. P. 26(a)(1)(A) ("*[A] party* must, without awaiting a discovery request, provide to the other parties . . . .").[4] This factor weighs against the jail defendants.

The final factor is the availability of sanctions less drastic. "Less drastic sanctions are available to the Court, and no such sanctions [were] tried in this case before the default was entered." *Pearson v. Giles Indus. Inc.*, No. 3:13-cv-19629, 2013 WL 6048714, at *3 (S.D. W. Va. Nov. 13, 2013). Thus, this factor weighs in favor of the jail defendants.

---

[4] The plaintiff raised a few other examples of the jail defendants' alleged dilatory action that are not actually dilatory. First, the plaintiff argued that the jail defendants were dilatory because they did not respond to a motion filed by the plaintiff to amend the complaint earlier in the litigation. Pl.'s Resp. 3. The jail defendants, of course, were under no obligation to respond to this, and therefore, their failure to do so is not evidence of prior dilatory action.

Second, the plaintiff argues that the jail defendants were dilatory when they failed to respond to his written discovery requests, and refused to produce a witness for a Rule 30(b)(6) deposition. *Id.* The plaintiff is referring to the interrogatory request he made to the Southern Regional Jail ("SRJ") on September 15, 2017 [ECF No. 40], and the deposition notice he filed regarding SRJ on January 16, 2018 [ECF No. 57]. As the Court has already previously explained, SRJ

> is not a legal entity. It is simply a "facility operated by the [West Virginia Regional Jail and Correctional Facility Authority] and used jointly by two or more counties for the confinement, custody, supervision or control of adult persons convicted of misdemeanors or awaiting trial or awaiting transportation to a state correctional facility." As such, it is not an entity capable of being sued.

Mem. Op. & Order [ECF No. 63] (quoting *Edwards v. West Virginia*, No. 2:00-cv-0775, 2002 WL 34364404, at *6 (S.D. W. Va. Mar. 29, 2002)); *see* W. Va. Code R. § 31-20-2 ("'Regional jail facility' or 'regional jail' means any facility operated by the authority and used jointly by two or more counties for the confinement, custody, supervision or control of adult persons convicted of misdemeanors or awaiting trial or awaiting transportation to a state correctional facility."). Since SRJ is nothing more than a facility, it cannot respond to interrogatory requests or be deposed. Therefore, this is also not evidence of prior dilatory behavior.

8

Based on these factors, the Court finds that good cause exists to set aside the entry of default against the jail defendants. Therefore, their Motion to set aside default is **GRANTD** [ECF No. 80]. While other sanctions are available, the court will not impose them at this time. The jail defendants are warned, however, that the federal rules are mandatory, and further noncompliance may lead to a different outcome.

### b. The Plaintiff's Motion for Entry of Default Judgment

Because the Court has set aside the Clerk's entry of default, the plaintiff's motion for entry of default judgment under Rule 55(b)(2) is **DENIED** [ECF No. 90].

### c. The Jail Defendants' Motion for Leave to Accept Late Responsive Pleading

After default was entered, the jail defendants filed their answer with an accompanying Motion for Leave to Accept Responsive Pleading Filed Out of Time [ECF No. 82]. Federal Rule of Civil Procedure 6(b)(1)(B) governs determinations of whether to extend the time for filing an answer. Under Rule 6(b)(1)(B), "[w]hen an act must be done within a specified time, the court may, for good cause, extend the time: on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the

control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (footnote omitted).

Based on the Court's prior analysis under Rule 55(c), the court is persuaded that good cause exists to allow the jail defendants to file their late answer. Therefore, their Motion is **GRANTD** [ECF No. 82].

### d. The Plaintiff's Motion to Amend Scheduling Order and Allow Additional Discovery

Before default was entered, the plaintiff filed a Motion to amend the scheduling order and allow for additional discovery. Pl.'s Mot. Amend Sched. Order [ECF No. 74]. In the order, the plaintiff argues that additional discovery is required because of the jail defendants' failure to file an Answer or Rule 26 disclosures, and the plaintiff's failure to secure depositions of other parties. *Id.* The plaintiff's attorney acknowledged that his failure to secure depositions was due, at least in part, to his failure to make more "diligent efforts." *Id.*

The jail defendants did not respond to this motion, but the police defendants did. Defs.' Resp. to Pl.'s Mot. Amend [ECF No. 83]. The police defendants argue that the plaintiff should not be given a second shot at discovery after being "dilatory in moving this case forward through litigation." *Id.* In support of this accusation, they submitted evidence of the plaintiff's attorney's failure to answer five emails sent between October and December 2017, in which the jail defendants were trying to secure a date to take the plaintiff's deposition. *Id.* According to the police defendants, they could not reach the plaintiff or his attorney regarding the plaintiff's deposition

10

until they finally filed a notice of intent to subpoena. *Id.* at 3. The police defendants also argue that the plaintiff had plenty of time to schedule depositions of the other parties, but failed to take any action until discovery was almost over. To date, the plaintiff has not conducted a single deposition in this matter.

The Scheduling Order [ECF No. 18] in this case specifies that discovery closed on January 16, 2018. Sched. Order 1. Under the Rule 16(b) standard, a party seeking to amend the scheduling order must demonstrate "good cause." *Id.*

If the plaintiff wanted to reopen discovery solely because he failed to conduct proper discovery during the time designated by the court, then this would be an easy motion to deny. Clearly, the plaintiff's counsel's failure to depose any parties or fully engage in discovery because of his admitted lack of diligent efforts does not satisfy the good cause standard.

The issue remains, however, that the plaintiff did not have the Court's rulings on the defendants' motions to dismiss or the jail defendants' answer to the complaint until after discovery closed. Additionally, to date, the plaintiff has not received the jail defendants' Rule 26(a)(1) and (a)(2) disclosures, which would provide the plaintiff with crucial information regarding this litigation. Based on this, the Court is persuaded that good cause exists to amend the scheduling order and reopen discovery. The Court will file an amended scheduling order setting out the modified deadlines.

Rule 37(c) governs late Rule 26(a) disclosures. Under Rule 37(c), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Since the Court is amending the scheduling order and reopening discovery, allowing the jail defendants to make late Rule 26(a) disclosures is harmless for Rule 37(c) purposes. Thus, the Court will allow the jail defendants to submit their late disclosure. The jail defendants are **ORDERED** to turn over their late Rule 26 disclosures by April 7, 2018.

e. **Motions for Summary Judgment**

Since the Court is amending the scheduling order and reopening discovery, the two pending Motions for Summary Judgment [ECF Nos. 68, 70] are **DENIED**. The defendants can refile their motions in accordance with the new scheduling order.

IV. **Conclusion**

The jail defendants' Motion to Set Aside Default [ECF No. 80] is **GRANTED**. The plaintiff's Motion for Entry of Default Judgment [ECF No. 90] is **DENIED**. The jail defendants' Motion for Leave to Accept Responsive Pleading Filed Out of Time [ECF No. 82] is **GRANTED**. The plaintiff's Motion to Amend Scheduling Order, Allow Additional Discovery, and for Extension of Time to Respond to Defendants' Motions for Summary Judgment [ECF No. 74] is **GRANTED**. Both of the pending Motions for

Summary Judgment [ECF Nos. 68, 70] are **DENIED**. The jail defendants are **ORDERED** to turn over their late Rule 26 disclosures by April 7, 2018.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 2, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE